**John T. DUNLOP, Secretary of Labor, Petitioner,**

v.

**Uriel G. ASHWORTH et al., Respondents.**

**No. 75–1311.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1975.

Decided March 3, 1976.

Judith Burghardt, Atty., U. S. Dept. of Labor, Washington, D.C. (William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Michael H. Levin, Counsel for App. Litigation, and Allen H. Feldman, Asst. Counsel for App. Litigation, U. S. Dept. of Labor, Washington, D.C., on brief), for petitioner.

Allen H. Sachsel, Atty., App. Section, Civ. Div., U. S. Dept. of Justice, Washington, D.C. (Rex E. Lee, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D.C. on brief) for The Occupational Safety and Health Review Commission.

Frank M. Slayton, Vaughan, Slayton & Bennett, South Boston, Va., on brief, for Uriel G. Ashworth.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

HAYNSWORTH, Chief Judge:

Uriel Ashworth was cited by the Secretary of Labor for a serious violation of the Occupational Safety and Health Act of 1970 [1] and was assessed a $600 fine. Ashworth contested this citation and succeeded in persuading the Administrative Law Judge who heard his case that the specific provision he was cited under (§ 5(a)(2) of the Act) did not proscribe the conduct attributed to him. This determination was upheld by the Occupational Safety and Health Review Commission, and the Secretary appealed to this court. We affirm the decision below insofar as it holds that Ashworth is not guilty of violating § 5(a)(2) of the Act; however, we remand the case in order to allow the Secretary to amend his pleadings to allege a violation of § 5(a)(1), the so-called General Duty Clause.

Ashworth is a masonry subcontractor who furnishes bricklayers to construct buildings, walls, and foundations for various construction projects. In 1973, he was participating in a school construction project in Dinwiddie, Virginia. On April 20, 1973, high winds blew over a substantial portion of a thirteen foot high masonry block wall that was being constructed by Ashworth, killing one worker and injuring others.

After this fatality, an OSHA compliance officer inspected Ashworth's worksite and found that certain walls under construction had not been braced or shored in any way. Accordingly, the Secretary issued a citation charging Ashworth with failing to temporarily brace or shore a masonry wall that had not reached its designed lateral strength. Ashworth's actions were alleged to be a violation of § 5(a)(2) of the Act.[2] That section simply directs that each employer affecting interstate commerce "shall comply with occupational safety and health standards under this Act." The pertinent standard relied upon by the Secretary appears at 29 C.F.R. § 1926.700(a) (1975) and provides that

All equipment and materials used in concrete construction and masonry work shall meet the applicable requirements for design, construction, inspection, testing, maintenance, and operations as prescribed in ANSI A10.9–1970, Safety Requirements for Construction and Masonry Work.

The standard thus incorporates by reference certain ANSI (American National Standards Institute) guidelines for the construction of masonry walls. ANSI Publication A10.9–1970 contains numerous provisions relating to the types of materials used for construction work and also provides, at paragraph 12.5, that

Masonry walls shall be temporarily shored and braced until the designed lateral strength is reached, to prevent collapse due to wind or other forces.

The Administrative Law Judge and the Review Commission both held that paragraph 12.5 was not incorporated by the standard (§ 1926.700(a)) because the standard is concerned only with *equipment* and *materials* used in masonry construction and paragraph 12.5 pertains to a building technique or process. That is, the standard does not actually direct that shoring be used, but rather requires that the shoring, if any, that is used meet the applicable ANSI guidelines for equipment and materials.

The Secretary argues before this court that such a narrow and literal reading of the regulation will discourage the use of safety equipment for, under the Commission's interpretation, a contractor who used no shoring at all would be protected, although one who erected at least some shoring or bracing could be penalized for not meeting the ANSI guidelines with regard to the equipment and materials used to construct the shoring. We fully agree that such an anomalous result is undesirable; however, we are powerless to rewrite the Secretary's regulation for him. In our view, it would require an unduly strained reading of § 1926.700(a) to hold that it incorporates paragraph 12.5 of the ANSI

---

1. 29 U.S.C. § 651 *et seq.* (1970).

2. 29 U.S.C. § 654(a)(2) (1970).

requirements. Incorporation of standards relating to materials does not include other standards relating exclusively to methods and processes. The Commission properly concluded that no 5(a)(2) violation was shown.

 The Secretary alternatively argues that this case should be remanded for consideration under § 5(a)(1) of the Act.[3] This section, which is commonly referred to as the Act's General Duty Clause, is an omnibus provision covering serious safety violations. It mandates that

> Each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or likely to cause death or serious physical harm to his employees.[4]

It has very recently been held that the failure to adequately brace a masonry wall under construction gives rise to a § 5(a)(1) violation. *Secretary v. Tolar Construction Company,* 13 OSAHRC Rep. 513 (1974).[5] Accordingly, we remand the case with instructions that the Secretary be permitted to amend to allege a § 5(a)(1) violation, if he wishes, and for further proceedings on the amended pleadings.

AFFIRMED IN PART; REMANDED IN PART WITH INSTRUCTIONS.

---

**3.** 29 U.S.C. § 654(a)(1) (1970).

**4.** *Id.*

**5.** In *Tolar,* the Secretary had initially charged the contractor with a violation of the General Duty Clause and later sought to amend his complaint to include an allegation that § 5(a)(2) had been violated as well. In that case the Commission, using the same interpretation of § 5(a)(2) as was used in the present case, held that § 5(a)(2) did not cover the non-use of shoring and bracing, but that the General Duty Clause was broad enough to cover such conduct.